# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:18-00210

DAVID BOND
      also known as "Peanut"

## MEMORANDUM OPINION

At Defendant's sentencing, the parties disputed whether the Court should apply the career offender designation under U.S.S.G. § 4B1.1. The Court sustained Defendant's objection. *See* ECF No. 49. This opinion follows that ruling.

## I. BACKGROUND

On July 31, 2019, Defendant pleaded guilty to two counts of Distribution of a Quantity of Heroin and one count of Distribution of a Quantity of Fentanyl in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 39, 41. The Government argued the Court should designate Defendant as a career offender under § 4B1.1, which would have raised Defendant's offense level of 12 to 32. ECF No. 47. Defendant objected on the grounds that his prior conviction of Attempt to Commit a Felony (Delivery of a Controlled Substance) was not a predicate offense for applying the career offender designation. ECF No. 48. At Defendant's sentencing on November 4, 2019, the Court sustained Defendant's objection and ruled the career offender designation was not applicable. ECF No. 49.

## II. DISCUSION

Among other criteria, a defendant is a career offender under § 4B1.1 if the defendant has two prior felony convictions for a "crime of violence" or a "controlled substance offense." The definition of "controlled substance offense" in § 4B1.2(b) does not include inchoate offenses. However, Application Note 1 of § 4B1.2's commentary states a "controlled substance offense" includes attempt and other inchoate offenses. The Supreme Court has held "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it . . . is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. U.S.*, 508 U.S. 36, 38 (1993). Courts are split on whether the commentary's inclusion of inchoate offenses is authoritative or an erroneous expansion of § 4B1.2's plain language.

This issue remains open in the Fourth Circuit. The court did hold in *U.S. v. Dozier* that a conviction for attempting to distribute a controlled substance was a "controlled substance offense." 848 F.3d 180, 188 (4th Cir. 2017). However, the defendant in *Dozier* did not argue the commentary was inconsistent with § 4B1.2(b)'s text, so the court did not address it. *Id.* at 183 n.2. The Fourth Circuit also did not address this issue in *U.S. v. McCollum*, so the opinion is not instructive here even though the court assumed the commentary was valid. 885 F.3d 300, 304 (4th Cir. 2018). *U.S. v. Mack* also does not control here because the Fourth Circuit's holding that conspiring and attempting to commit first-degree burglary was a "crime of violence" relied on § 4B1.2(a)(2)'s "residual clause," which has since been removed. 855 F.3d 581, 585 (4th Cir. 2017).

The lack of controlling precedent makes the Fourth Circuit one of the last to decide this issue. The First, Third, Seventh, and Eleventh Circuits have held the commentary is consistent with § 4B1.2(b)'s text. *U.S. v. Adams*, 934 F.3d 720, 727–30 (7th Cir. 2019); *U.S. v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995); *U.S. v. Piper*, 35 F.3d 611, 617 (1st Cir. 1994); *U.S. v. Hightower*, 25

F.3d 182, 187 (3d Cir. 1994). The D.C. Circuit created a split when it ruled in 2018 that the commentary conflicts with § 4B1.2(b), and the Sixth Circuit followed in 2019. *U.S. v. Havis*, 927 F.3d 382, 385–387 (6th Cir. 2019) (en banc); *U.S. v. Winstead*, 890 F.3d 1082, 1090–92 (D.C. Cir. 2018). The Ninth Circuit desired to follow the D.C. and Sixth Circuits, but precedent required it to apply the commentary. *U.S. v. Crum*, 934 F.3d 963, 966–67 (9th Cir. 2019).

Within the Southern District of West Virginia, two of my colleagues have followed the D.C. and Sixth Circuits. In *United States v. Gibbs*, Judge John T. Copenhaver, Jr. ruled at sentencing that Attempted Delivery of a Controlled Substance is not a "controlled substance offense" under § 2K2.1, which incorporates the definitions in § 4B1.2. No. 2:18-cr-89-1 (July 31, 2019). And in *United States v. Cooper*, Judge Joseph R. Goodwin ruled that Conspiracy to Commit a Robbery is not a "crime of violence" under § 4B1.2. No. 2:19-cr-81 (Oct. 8, 2019), ECF No. 35. The commentary's inclusion of conspiracy, concluded Judge Goodwin, adds an entirely new offense to "crime[s] of violence." *Id.* at 6.

After consideration, this Court also finds Application Note 1's inclusion of inchoate crimes is inconsistent with the text of § 4B1.2(b). The subsection names in detail the crimes that qualify as a "controlled substance offense," and none are inchoate offenses. *See Burgess v. U.S.*, 553 U.S. 124, 130 (2008) ("As a rule, [a] definition which declares what a term 'means' . . . excludes any meaning that is not stated."). As the D.C. and Sixth Circuits have noted, § 4B1.2 itself demonstrates the Commission knows how to include inchoate0 offenses when it wants because § 4B1.2(a)(1) explicitly defines a "crime of violence" as an offense that "has as an element the use, *attempted* use, or threatened use of physical force . . . ." (emphasis added); *Havis*, 927 F.3d at 386; *Winstead*, 890 F.3d at 1091. In contrast, nothing in § 4B1.2(b) can bear the construction that "controlled substance offense" includes inchoate crimes. *Stinson*, 508 U.S. at 46 (holding

commentary binds courts only "if the guideline which the commentary interprets will bear the construction").

The severity of the career offender designation reinforces the importance of courts strictly interpreting guideline text and scrutinizing commentary for inconsistencies. In this case, designating Defendant as a career offender would have increased his guideline range, prior to other adjustments, from 30–37 months to 210–262 months. This drastic enhancement underscores that the Commission "exercises a sizable piece of the ultimate governmental power, short of capital punishment—the power to take away someone's liberty." *Havis*, 927 F.3d at 385 (citation and internal quotation marks omitted). Courts must remain vigilant of how the Commission wields this power, and, in this case, any deference the Court owes the Commission "does not extend so far as to allow it to invoke its general interpretive authority via commentary . . . to impose such a massive impact on a defendant with no grounding in the guidelines themselves." *Winstead,* 890 F.3d at 1092.

The Court also shares the Sixth Circuit's concern that guideline commentary "never passes through the gauntlets of congressional review or notice and comment," so reliance on commentary inconsistent with guideline text violates the constitutional justification for the Commission's authority. *Havis*, 927 at 385–86. The Government argues Application Note 1 did in fact pass through congressional review and notice and comment, so no separation of powers issue exists. ECF No. 47, at 7–10. However, the Government's argument invites the Court to begin distinguishing between commentary Congress has reviewed and commentary Congress has not reviewed. This approach contravenes the clear distinction between guideline text and commentary. Regardless of application notes' level of congressional review, they are only "interpretations of, not additions to, the Guidelines themselves." *U.S. v. Rollins*, 836 F.3d 737, 742 (7th Cir. 2016).

The D.C. Circuit remarked in *Winstead* that "[i]f the Commission wishes to expand the definition of 'controlled substance offenses' to include attempts, it may seek to amend the language of the guidelines by submitting the change for congressional review." 890 F.3d at 1092 (citing *Stinson*, 508 U.S. at 44). The Commission has since proposed an amendment to § 4B1.2 that would move the inchoate offense language from Application Note 1 to the guideline text. *See* 83 Fed. Reg. 65400, 65412–15 (Dec. 20, 2018). In the Court's view, the proposed amendment concedes the inadequate textual basis in § 4B1.2(b) for Application Note 1's inclusion of inchoate offenses. Until Congress amends it, the plain text of § 4B1.2(b) compels the Court to exclude inchoate crimes as predicate offenses for the career offender designation.

### III. CONCLUSION

For these reasons, the Court sustained Defendant's objection at his sentencing and ruled the career offender designation did not apply to Defendant. *See* ECF No. 49. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion to counsel of record and any unrepresented parties. The Court also **DIRECTS** the Clerk to post this published opinion on the Court's website, www.wvsd.uscourts.gov.

ENTER: November 12, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE